IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PAMELA PIGGEE,<br><br>    Plaintiff,<br><br>v.<br><br>SYSMEX AMERICA, INC. and LARRY GRAINGER,<br><br>    Defendants. | Civil Action File No.<br><br>**JURY TRIAL DEMANDED** |

**NOTICE OF REMOVAL**

COME NOW Sysmex America, Inc. and Larry Grainger, named defendants in the above-styled civil action, and without waiving any rights or defenses, appear specially to file this notice of removal, respectfully providing the Court with the following facts as grounds for removal pursuant to 28 U.S.C. §§ 1441 and 1446:

1.

Plaintiff filed a lawsuit naming Sysmex America, Inc. and Larry Grainger as defendants in *Pamela Piggee v. Sysmex America, Inc. and Larry Grainger,* 22EV000069, in the State Court of Fulton County, State of Georgia. Fulton County is within the Atlanta Division of this Court.

2.

Based upon information and belief, plaintiff is a citizen and resident of Georgia who maintains her domicile in Georgia. (*See* Complaint, ¶1). *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

3.

Plaintiff, a citizen of Georgia, has alleged that defendant Sysmex America, Inc. is a foreign corporation (Complaint, ¶2) and that defendant Grainger is a citizen of Florida (Complaint, ¶4). Thus, there is diversity of citizenship between the plaintiff and the defendants.

4.

Sysmex America, Inc. is a Delaware corporation with its principal place of business at 577 Aptakisic Road, Lincolnshire, Illinois 60069 (see Ex. "A"), making it a citizen of Delaware and Illinois for diversity of citizenship purposes.  *See* 28 U.S.C. § 1332(c)(1). There is diversity of citizenship between the plaintiff (Georgia) and defendant Sysmex America, Inc. (Delaware and Illinois).

5.

Larry Grainger is an individual who is a citizen of Florida and maintains his residency in Florida.  (See Ex. "B"). There is diversity of citizenship between the plaintiff (Georgia) and Larry Grainger (Florida).

6.

At the time of the filing of the plaintiff's Complaint, defendant Sysmex America, Inc. had its principal place of business located in Illinois and defendant Larry Grainger was a citizen and resident of Florida, thus respectively making the defendants citizens of Illinois and Florida for diversity of citizenship purposes.  *See* 28 U.S.C. § 1332(c)(1).  There is diversity of citizenship between the plaintiff (Georgia) and the defendants (Illinois and Florida).

7.

Plaintiff contends that defendants were negligent, and that as a result of said alleged negligence that she was injured.

8.

Plaintiff's Complaint alleges that defendant Grainger is liable to plaintiff for all special and general damages (Complaint, ¶26) and plaintiff seeks a recovery for her alleged injuries and damages sustained, pain and suffering, and all other elements of special and general damages allowed under the laws of the state of Georgia (Complaint, ¶36).

9.

Plaintiff's Complaint alleges that defendant Sysmex America, Inc. is liable to plaintiff for all special and general damages (Complaint, ¶34) and plaintiff seeks a recovery for her alleged injuries and damages sustained, pain and suffering, and

all other elements of special and general damages allowed under the laws of the state of Georgia (Complaint, ¶36).

10.

Plaintiff alleges that the medical bills that she has incurred and will incur are at least $229,693.20 (Complaint, ¶17). Based on plaintiff's allegations, it is reasonable to assume that plaintiff is seeking to recover damages in excess of $75,000.00.

11.

In determining the amount in controversy, "the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (quoting 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.14[2][g], at 107-86.4 to 107-86.5 (3d ed. 2010)). Further, Eleventh Circuit precedent allows courts to make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754)).

PltfRespRPDs6103

12.

Accordingly, based on plaintiff's allegations of injuries and damages, and the prayer for relief in her Complaint wherein the plaintiff seeks special and general damages including pain and suffering, and plaintiff counsel's contention that the plaintiff's special damages exceed the amount of $75,000, defendants submit that the amount in controversy, exclusive of interest and costs, and is more than $75,000.

13.

Under the law of the Eleventh Circuit, even where the amount in controversy is not apparent on the face of the complaint, "the evidence the defendant may use to establish the jurisdictional facts is not limited to that which it received from the plaintiff." See *Pretka*, 608 F.3d at 768. Indeed, in *Pretka*, the Eleventh Circuit explicitly stated that "Defendants may introduce their own affidavits, declarations, or other documentation" to satisfy the preponderance of evidence standard. *Id.*, 608 F.3d at 755. Therefore, the amount in controversy is also sufficient under 28 U.S.C. § 1332 (a) for removal.

14.

The aforementioned civil action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and is one which may be removed to this Court by

defendant pursuant to 28 U.S.C. §§ 1441 and 1446.  Specifically, this civil action is one in which the matter in controversy is unspecified, and can be more than $75,000 exclusive of interest and costs, and is between citizens of different states.

15.

Attached hereto copies of all pleadings and orders filed in this case by the plaintiff as Exhibit "C".

16.

Defendants have given written notice of filing of this petition to the plaintiff as set forth in the certificate of service attached to this Notice.

17.

Defendants have filed a written notice with the clerk of the State Court of Fulton County, a copy of which is attached as Exhibit "D".

18.

Defendants have attached hereto copies of all pleadings which defendants have served in this case as Exhibit "E".

WHEREFORE, defendants pray that the case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

>Respectfully submitted,
>
>DREW, ECKL & FARNHAM, LLP
>
>*/s/ Brian W. Johnson*
>
>---
>BRIAN W. JOHNSON
>Georgia Bar No. 394745
>JEFFREY F. LEASENDALE
>Georgia Bar No. 442425

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
bjohnson@deflaw.com
leasendalej@deflaw.com


12482379v1
08612-228784

**LOCAL RULE 5.1C and 7.1D CERTIFICATION**

Pursuant to Local Rule 5.1C and 7.1D, I certify that this pleading has been prepared with Courier New 12 Point, the font and point selections approved by this Court in Local Rule 5.1C.

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing NOTICE OF REMOVAL by electronic filing with the Court's CM/ECF system which will automatically send email notification of such filing to the follows:

>Brad Valentine, Esq.
>Jan Cohen, Esq.
>KENNETH S. NUGENT, P.C.
>4227 Pleasant Hill Road
>Building 11, Suite 300
>Duluth, Georgia 30097
>   *Attorneys for Plaintiff*

This 30th day of March, 2022.

Respectfully submitted,

DREW, ECKL & FARNHAM, LLP

***/s/ Brian W. Johnson***

BRIAN W. JOHNSON
Georgia Bar No. 394745
JEFFREY F. LEASENDALE
Georgia Bar No. 442425

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia  30308
(404) 885-1400 – phone
(404) 876-0992 – fax
bjohnson@deflaw.com
leasendalej@deflaw.com
12482379v1
08612-228784