# EXHIBIT

# C

PltfRespRPDs6110

State Court of Fulton County
**E-FILED**
22EV000069
1/5/2022 1:37 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **Pamela Piggee,** | Case No. |
| Plaintiff, | |
| v. | _____ |
| **Sysmex America, Inc. and Larry Grainger**, | |
| Defendants. | |

**COMPLAINT FOR DAMAGES**

Plaintiff Pamela Piggee, by undersigned counsel, files this Complaint against Defendants Sysmex America, Inc. (the "Corporation") and Larry Grainger, showing the Court as follows:

**Parties, Jurisdiction, And Venue**

1.    Plaintiff is a citizen of the State of Georgia.

2.    Defendant Corporation is a foreign, for-profit corporation that may be served with process through its registered agent, C T Corporation System, at 289 S. Culver St., Lawrenceville, Georgia 30046.

3.    Defendant Corporation is subject to the jurisdiction of this Court.

4.    Defendant Grainger is a resident of Clay County, Florida.

5.    Defendant Grainger may be served with process at his residence at 1857 Tillis Lane, Middleburg, Florida 32068.

6.    Defendant Grainger is subject to the jurisdiction of this Court.

7.    Venue is proper in this Court.

Copy from re:SearchGA

## Facts Applicable to All Counts

8.  On January 21, 2020, Plaintiff and Defendant Grainger were involved in an automobile collision in Fulton County, Georgia.

9.  Plaintiff was the driver of a 2000 Nissan Pathfinder traveling eastbound on Spalding Drive, in Fulton County, Georgia.

10. Defendant Grainger was the driver of a 2019 Suburu Outback traveling eastbound and behind Plaintiff on Spalding Drive, in Fulton County, Georgia.

11. Suddenly and without warning, Defendant Grainger collided into the rear of Plaintiff's vehicle.

12. Plaintiff suffered injuries because of the collision.

13. Plaintiff complained of injury at the scene of the collision.

14. Plaintiff's injuries include, but are not limited to, injuries to her back, neck, left shoulder, and left elbow.  More specifically, Plaintiff's injuries include herniated discs at L4-L5 and L5-S1.

15. To date, Plaintiff has incurred at least $36,482.20 in medical charges for injuries caused by the collision.

16. Plaintiff's doctor has recommended her for surgery due to the injuries sustained in the collision. More specifically, Plaintiff's doctor has recommended a one level lumbar spine arthrodesis anterior decompression at L5-S1 using interbody technique.

17. Plaintiff's special damages are currently itemized as follows:

Copy from re:SearchGA

PltfRespRPDs6112

| Medical Provider | Date(s) of Treatment | Medical Charges |
|---|---|---|
| Summit Surgery Center | 3/13/2020 – 5/6/2020 | $13,201.70 |
| AICA Orthopedics | 1/23/2020 – 6/9/2020 | $23,040.50 |
| Emory Orthopedic & Spine Center | 6/4/2020 | $240.00 |
| One level lumbar spine arthrodesis anterior decompression at L5-S1 | TBD | $193,211.00 |
| **TOTAL SPECIAL DAMAGES:** | | **$229,693.20** |

18.   At all relevant times, Plaintiff exercised due care for her own safety

### Count 1: Negligence and Negligence Per Se
### against Defendant Grainger

19.   Plaintiff alleges and incorporates paragraphs 1-18 into this paragraph.

20.   Defendant Grainger owed a duty of care to the motoring public in general, and to
Plaintiff in particular, to operate a vehicle in a reasonable and prudent manner and to
adhere to the pertinent Rules of the Road for the State of Georgia.

21.   Defendant Grainger breached this duty of care.

22.   The collision was directly and proximately caused by the negligence of Defendant
Grainger.

23.   The collision was directly and proximately caused by Defendant Grainger's negligence
in following too closely.

24.   Defendant Grainger's actions constituted negligence *per se* regarding applicable laws
and standards including, but not limited to following too closely, in violation of
O.C.G.A. § 40-6-49.

- 3 -

PltfRespRPDs6113

25. Plaintiff's personal injuries were directly and proximately caused by Defendant Grainger's negligence.

26. Defendant Grainger is therefore liable to Plaintiff for all special and general damages in an amount to be proven at trial.

### Count 2: Negligent Entrustment
### against Defendant Sysmex America, Inc.

27. Plaintiff alleges and incorporates paragraphs 1-26 into this paragraph.

28. Defendant Corporation owed a duty of care to the motoring public in general, and to Plaintiff in particular, to entrust its vehicle to a competent and safe driver.

29. Defendant Corporation owned the vehicle that was being driven by Defendant Grainger at the time of the collision.

30. Defendant Corporation entrusted its vehicle to Defendant Grainger at all times relevant to the collision.

31. Defendant Grainger was an incompetent or unsafe driver.

32. Defendant Corporation knew that Defendant Grainger was incompetent or unsafe to operate its vehicle.

33. Defendant Grainger caused the collision and Plaintiff's injuries.

34. Defendant Corporation is therefore liable to Plaintiff for all special and general damages in an amount to be proven at trial.

### Damages

35. Plaintiff alleges and incorporates paragraphs 1-34 into this paragraph.

36. Defendants are liable for Plaintiff's injuries and damages sustained, pain and suffering, and all other elements of special and general damages allowed under the laws of the State of Georgia.

Copy from re:SearchGA

PltfRespRPDs6114

37.  Plaintiff respectfully requests:

    a.      Process issue as provided by law;

    b.      Trial by jury against Defendants;

    c.      Judgment be awarded to Plaintiff and against Defendants;

    d.      Plaintiff be awarded damages in amounts to be shown at trial; and

    e.      Plaintiff have such other relief as this Court deems just and appropriate.

Submitted on January 5, 2022, by:

*/s/ Brad Valentine*

**Kenneth S. Nugent, P.C.**            Brad Valentine
4227 Pleasant Hill Road               Georgia Bar No. 583142
Building 11, Suite 300                Jan Cohen
Duluth, Georgia 30096                 Georgia Bar No. 174337
770-495-6634 (phone)
770-495-6744 (fax)
bvalentine@attorneykennugent.com      **Attorneys for Plaintiff Pamela Piggee**
jcohen@attorneykennugent.com

Copy from re:SearchGA

PltfRespRPDs6115

State Court of Fulton County
**E-FILED**
22EV000069
1/5/2022 1:37 PM
Christopher G. Scott, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

Pamela Piggee,

        Plaintiff,

v.

Sysmex America, Inc. and Larry Grainger,

        Defendant.

Case No.

_____

**PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT SYSMEX AMERICA, INC.**

Under O.C.G.A. § 9-11-33, Plaintiff serves these interrogatories upon Defendant Sysmex America, Inc. (the "Corporation"), who is required to answer in writing, *under oath*, and within the time prescribed by the Georgia Civil Practice Act.

**Instructions and Definitions**

In responding to these interrogatories, you must furnish such information as is available to you, your agents, representatives, or anyone else who has acted on your behalf in connection with this action. When an interrogatory is directed to you, it is also directed to those other persons.

Do not make "general objections." General objections do not indicate whether allegedly privileged or protected facts or documents actually exist, and they do not provide the Court enough information to judge the applicability, or not, of the asserted privilege or protection. If you contend that an interrogatory does, in fact, encompass privileged or protected facts or documents, then please state your contention specifically and provide the basis for it.

Copy from re:SearchGA

Your belief that responsive documents or facts are or may be confidential provides no basis for simply withholding them. If you wish to raise claims of confidentiality, then you should 1) contact counsel for Plaintiff prior to responding to these interrogatories, and 2) articulate to Plaintiff the basis for each claim of confidentiality by identifying and describing the responsive documents or facts with reasonable particularity.

If you object to an interrogatory or part of an interrogatory but provide an answer subject to or "without waiving" an objection, then you must state whether you are (i) providing all responsive information or documents despite their objection, or (ii) withholding information or documents. If you are withholding information or documents, then you must identify them generally and provide enough information for Plaintiff and the Court to determine if the documents or information are being properly withheld.

To bring within the scope of these interrogatories all information that might otherwise be construed to be outside of their scope, the following rules of construction apply:

a.    the singular includes the plural, and vice versa;

b.    the masculine, feminine, or neuter pronoun does not exclude other genders;

c.    the connectives "and" and "or" should be read either disjunctively or conjunctively;

d.    the terms "any," "all," or "each" mean any, all, each, and every; and

e.    the present tense should be construed to include the past tense, and vice versa.

The following terms have the meanings stated, regardless of tense, whether they are used in the singular or plural, usage, or capitalization.

- 2 -

Copy from re:SearchGA

"Collision" means the collision that forms the basis of Plaintiff's Complaint, the Disputed Matter, and the subject matter of this lawsuit.

"Communication" means, without limitation, oral or written communication of any kind, such as an email, text messages, facsimile, telephone conference, correspondence, messages sent through social media, exchange of written or recorded information, or face-to-face meeting, and includes instances in which one party addresses another, even if the other party does not respond.

"Concerning" means to evidence, refer to, relate to, reflect, embody, pertain to, discuss, mention, support, contradict, modify, or touch on the subject specified in a request in any way whatsoever.

"Describe" means to state what is requested to be described, including all facts and opinions known and held regarding the subject of the interrogatory, the identity of each person or entity involved or having any knowledge of each fact or opinion relating to what is described, the identity of each document evidencing the answer given or relating, referring, or pertaining in any way to what is disclosed in the answer, and all relevant or material dates or time periods.

"Disputed Matter" means any fact alleged in the Complaint that you do not admit or any issue or defense you raise in your Answer.

"Document" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description—whether tangible in the form of paper or capable of being reduced to tangible form but currently in an electronic format—that is in your possession, control, or custody, including but not limited to, correspondence, electronic mail (email), text messages, social media messages, social media histories, social

- 3 -

Copy from re:SearchGA

media posts, memoranda of agreements, assignments, meeting minutes, memoranda,
stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices,
statements, bills, checks (or check stubs or records), vouchers, purchase orders, reports,
studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals,
catalogues, brochures, schedules, calendars, circulars, bulletins, notices, instructions,
manuals, journals, data sheets, work sheets, statistical compilations, data processing cards,
microfilms, computer records, tapes, photographs, drawings, films, videotapes, pictures,
voice recordings, and every copy of such writing or record when such copy contains any
commentary, note, or mark that does not appear on the original. The term "document"
includes any attachments or exhibits to the requested document or any other documents
referred to in the requested document or incorporated by reference.

   "Identify" means, (a) with respect to a person, the person's full name, present or last
known home address and telephone number, present or last known work address and
telephone number, and relationship to you; (b) with respect to a document, writing,
photograph, or any other tangible item, the item's title or other means of identification; the
date on which the item was created or prepared; a general description or summary of its
contents; the name, address, telephone number, and employer of the author or creator of
the item; the name, address, and telephone number of the person or persons who have
custody or control of the original of each such document; and the name, address, and
telephone number of the person or persons who have custody or control of any copy of
each such document.

Copy from re:SearchGA

PltfRespRPDs6119

"Person" means any natural person or individual, firm, corporation, partnership, association, governmental agency, trust, joint venture, or any other form of business entity or organization of any type.

"Statement" means (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) a stenographic, mechanical, electrical, or other recording, or any transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

"You," "Your," or "Defendant" means the defendant in this civil action and all attorneys, advisors, consultants, agents, employees, representatives, assigns, or other persons acting for or on your behalf.

## First Interrogatories

1.     Describe in detail each act or omission on the part of Plaintiff which you contend constituted negligence that was a contributing cause of the collision.

2.     At the time of the collision, was Defendant Grainger in the course and scope of employment with you? If not, then describe all facts supporting your response.

3.     Did any persons other than you or any other defendants in this action in any way cause or contribute to the collision? If so, then identify all persons and describe how each person caused or contributed to the collision.

4.     Did you deny any requests in any set of Plaintiff's Requests for Admissions? If so, then describe each fact upon which you base your denial and identify all persons having knowledge of each particular fact.

5.     Did you contend that you could not admit or deny any requests in any set of Plaintiff's Requests for Admissions because of a lack of information or knowledge? If so,

- 5 -

Copy from re:SearchGA

then identify and describe all inquiries made by you while attempting to answer that request.

6.     For each defense and denial in your answer, identify and describe all facts that you contend support each defense and denial.

Submitted on January 5, 2022, by:

**Kenneth S. Nugent, P.C.**
4227 Pleasant Hill Road
Building 11
Duluth, Georgia 30096
770-495-6634 (phone)
770-495-6744 (fax)
bvalentine@attorneykennugent.com
jcohen@attorneykennugent.com

*/s/ Brad Valentine*
Brad Valentine
Georgia Bar No. 583142
Jan P. Cohen
Georgia Bar No. 174337

**Attorneys for Plaintiff Pamela Piggee**

- 6 -

Copy from re:SearchGA

State Court of Fulton County
**E-FILED**
22EV000069
1/5/2022 1:37 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
### STATE OF GEORGIA

**Pamela Piggee,**

        Plaintiff,

v.

**Sysmex America, Inc. and Larry Grainger,**

        Defendant.

Case No.

_____

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT LARRY GRAINGER

Under O.C.G.A. § 9-11-33, Plaintiff serves these interrogatories upon Defendant Larry Grainger, who is required to answer in writing, *under oath*, and within the time prescribed by the Georgia Civil Practice Act.

### Instructions and Definitions

In responding to these interrogatories, you must furnish such information as is available to you, your agents, representatives, or anyone else who has acted on your behalf in connection with this action. When an interrogatory is directed to you, it is also directed to those other persons.

Do not make "general objections." General objections do not indicate whether allegedly privileged or protected facts or documents actually exist, and they do not provide the Court enough information to judge the applicability, or not, of the asserted privilege or protection. If you contend that an interrogatory does, in fact, encompass privileged or protected facts or documents, then please state your contention specifically and provide the basis for it.

Copy from re:SearchGA

Your belief that responsive documents or facts are or may be confidential provides no basis for simply withholding them. If you wish to raise claims of confidentiality, then you should 1) contact counsel for Plaintiff prior to responding to these interrogatories, and 2) articulate to Plaintiff the basis for each claim of confidentiality by identifying and describing the responsive documents or facts with reasonable particularity.

If you object to an interrogatory or part of an interrogatory but provide an answer subject to or "without waiving" an objection, then you must state whether you are (i) providing all responsive information or documents despite their objection, or (ii) withholding information or documents. If you are withholding information or documents, then you must identify them generally and provide enough information for Plaintiff and the Court to determine if the documents or information are being properly withheld.

To bring within the scope of these interrogatories all information that might otherwise be construed to be outside of their scope, the following rules of construction apply:

a.  the singular includes the plural, and vice versa;

b.  the masculine, feminine, or neuter pronoun does not exclude other genders;

c.  the connectives "and" and "or" should be read either disjunctively or conjunctively;

d.  the terms "any," "all," or "each" mean any, all, each, and every; and

e.  the present tense should be construed to include the past tense, and vice versa.

The following terms have the meanings stated, regardless of tense, whether they are used in the singular or plural, usage, or capitalization.

- 2 -

Copy from re:SearchGA

"Collision" means the collision that forms the basis of Plaintiff's Complaint, the Disputed Matter, and the subject matter of this lawsuit.

"Communication" means, without limitation, oral or written communication of any kind, such as an email, text messages, facsimile, telephone conference, correspondence, messages sent through social media, exchange of written or recorded information, or face-to-face meeting, and includes instances in which one party addresses another, even if the other party does not respond.

"Concerning" means to evidence, refer to, relate to, reflect, embody, pertain to, discuss, mention, support, contradict, modify, or touch on the subject specified in a request in any way whatsoever.

"Describe" means to state what is requested to be described, including all facts and opinions known and held regarding the subject of the interrogatory, the identity of each person or entity involved or having any knowledge of each fact or opinion relating to what is described, the identity of each document evidencing the answer given or relating, referring, or pertaining in any way to what is disclosed in the answer, and all relevant or material dates or time periods.

"Disputed Matter" means any fact alleged in the Complaint that you do not admit or any issue or defense you raise in your Answer.

"Document" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description—whether tangible in the form of paper or capable of being reduced to tangible form but currently in an electronic format—that is in your possession, control, or custody, including but not limited to, correspondence, electronic mail (email), text messages, social media messages, social media histories, social

- 3 -

Copy from re:SearchGA

PltfRespRPDs6124

media posts, memoranda of agreements, assignments, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks (or check stubs or records), vouchers, purchase orders, reports, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, calendars, circulars, bulletins, notices, instructions, manuals, journals, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records, tapes, photographs, drawings, films, videotapes, pictures, voice recordings, and every copy of such writing or record when such copy contains any commentary, note, or mark that does not appear on the original. The term "document" includes any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

"Identify" means, (a) with respect to a person, the person's full name, present or last known home address and telephone number, present or last known work address and telephone number, and relationship to you; (b) with respect to a document, writing, photograph, or any other tangible item, the item's title or other means of identification; the date on which the item was created or prepared; a general description or summary of its contents; the name, address, telephone number, and employer of the author or creator of the item; the name, address, and telephone number of the person or persons who have custody or control of the original of each such document; and the name, address, and telephone number of the person or persons who have custody or control of any copy of each such document.

- 4 -

Copy from re:SearchGA

PltfRespRPDs6125

"Person" means any natural person or individual, firm, corporation, partnership, association, governmental agency, trust, joint venture, or any other form of business entity or organization of any type.

"Statement" means (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) a stenographic, mechanical, electrical, or other recording, or any transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

"You," "Your," or "Defendant" means the defendant in this civil action and all attorneys, advisors, consultants, agents, employees, representatives, assigns, or other persons acting for or on your behalf.

## First Interrogatories

1.      Identify yourself, including your: full name, marital status, spouse's full name, present or last known home address and telephone number, date of birth, and present or last known work address and telephone number.

2.      At the time of the collision which is the subject of this lawsuit, were you acting in the course and scope of your employment for any employer?  If so, then identify the employer.

3.      Describe your version of the manner in which the collision occurred and all material facts and happenings prior to, at the time of, and immediately after the collision, including without limitation, where you had been prior to the collision, your destination at the time of the collision, any efforts you made to attempt to prevent the collision, and where you went after the collision occurred.

4.      Describe in detail each act or omission on the part of Plaintiff which you contend constituted negligence that was a contributing cause of the collision.

- 5 -

Copy from re:SearchGA

PltfRespRPDs6126

5.      Did any persons other than you or any other defendants in this action in any way cause or contribute to the collision? If so, then identify all persons and describe how each person caused or contributed to the collision.

6.      In the 24 hours preceding the collision, did you consume any alcoholic beverages, take any prescription medication or drugs, or take any non-prescription medication or drugs? If so, then identify what type and amount of alcoholic beverages, medication, or drugs were consumed, where you consumed them, and when you consumed them.

7.      At the time of the collision, were you suffering from any physical or mental condition, disability, or sickness that affected or could have affected your ability to drive? If so, then identify and describe:

      a.   The type and manner of the condition, disability or sickness;

      b.   The date of the onset of the condition, disability or sickness; and

      c.   The identity of each medical practitioner who has treated you for such condition, disability, or sickness.

8.      Do you wear glasses or contact lenses?  If so, then state:

      a.   Who prescribed your glasses or contacts;

      b.   When your glasses or contacts were prescribed; and

      c.   When and by whom your eyes were last examined.

9.      Identify each person believed or known by you to have heard or who is purported to have heard Plaintiff make any statement, remark, or comment concerning the collision, and identify and describe the substance of each statement, remark, or comment.

10.     Identify all statements that you have made or have obtained (whether oral, recorded, or written) concerning the collision.

Copy from re:SearchGA

PltfRespRPDs6127

11.     Were you injured in the collision and/or did you seek any medical treatment for injuries sustained during the collision? If so, then identify all injuries incurred, all medical treatment incurred, and all medical charges incurred following the collision.

12.     Identify all persons believed or known by you to have any knowledge concerning the collision or this action. For each person identified, describe the knowledge of that each person possesses.

13.     Identify all photographs taken concerning the collision.  With respect to each identified photograph, identify and describe who took the photograph, what is depicted in the photograph, and the person who is in possession, custody, or control of the photograph.

14.     Identify all persons or corporations who owned the vehicle driven by you at the time of the collision, and describe the year, make, model, body color, and license plate number of the vehicle.

15.     Did any mechanical defect in the motor vehicle you were driving at the time of the collision contribute to the collision? If so, then describe the nature of the defect and how it contributed to the collision.

16.     Were you charged with a violation of any law, ordinance, or crime in connection with the collision?  If so, then for each such charge, describe the charge, identify the court before which the charge was brought, describe the plea you entered to the charge, and describe the ultimate disposition of the charge.

17.     Have you ever pled guilty to or been convicted of any crime? If so, then identify each charge and the court where each criminal proceeding took place.

Copy from re:SearchGA

PltfRespRPDs6128

18.     Please identify the last date of service for your vehicle involved in the subject incident, including the location and phone number for any and all servicing, maintenance, and/or repair persons and/or companies in the last three (3) years.

19.     Have you ever been involved in any other legal action, either as a Plaintiff or a Defendant?  If so, then identify the nature of each legal action, the venue or jurisdiction of each legal action, the name of any Court where each legal action occurred, identify all parties involved in each legal action, and identify the attorneys representing all parties to each legal action.

20.     Have you ever been involved as a driver in any automobile collision besides the collision relevant to this action? If so, then with respect to each such collision, please identify each collision, the date of each collision, the location of each collision, the names of all parties involved in the collision, and whether any claims for personal injuries were made from each collision.

21.     Have you ever been charged or convicted of the violation of any traffic law or ordinance?  If so, then with respect to each such violation, please identify and describe:

      a.     A complete description of the charge;

      b.     The date of the incident on which the charge was based;

      c.     The name and address of the court before which the charge was brought;

      d.     What plea you entered to the charge; and

      e.     The ultimate disposition of the charge.

22.     Did you own a mobile telephone or cell phone, or have one in your possession on the date of the collision? If so, then identify the name in which the telephone was registered, the provider of services for that telephone, the telephone number, and state whether you were

Copy from re:SearchGA

PltfRespRPDs6129

talking, texting, emailing, using, holding, or supporting with any part of your body that telephone at the time of the collision.

23.    Is there a tracking device, recording device, and/or GPS or Black Box device in your vehicle? If so, then describe whether the information contained on any in your vehicle at the time of the accident been retrieved, disposed of, or erased (accidently or intentional).

24.    For each person you intend to call as an expert witness at the trial of the above-styled matter, please identify the expert witness, describe his/her qualifications as expert, identify the subject matter to which each expert is expected to testify, describe the substance of the facts and opinions to which such person is expected to testify, and describe a summary of the grounds for each opinion of each expert witness.

25.    On the date of the collision, were you covered by any policy (or policies) of motor vehicle insurance, general liability insurance, or umbrella or excess insurance? If so, then identify each policy, including:

      a.    The name and address of the company which issued the policy or policies;

      b.    The number of the policy or policies;

      c.    The named insured(s) and their relationship to you; and

      d.    The liability limits of coverage under each such policy.

26.    Was the vehicle being driven by you on the date of the collision covered by a policy or policies of motor vehicle insurance? If so, then identify each policy, including:

      a.    The name and address of the company which issued the policy or policies;

      b.    The number of the policy or policies;

      c.    The named insured(s) and their relationship to you; and

      d.    The liability limits of coverage under each such policy or policies.

Copy from re:SearchGA

PltfRespRPDs6130

27.    For each policy of insurance identified in your responses to Plaintiff's interrogatories, describe:

    a.    Whether any such company has denied insurance coverage;

    b.    Whether any such insurance company is defending under a reservation of rights letter or agreement; and

    c.    Whether, to your knowledge, there are any coverage questions regarding any such policy mentioned above.

28.    Identify all documents in your possession, custody, or control that concern the collision, any disputed matter, and/or the subject matter of this action.

29.    Do you contend that the bills incurred by Plaintiff as a result of this accident were not reasonable and/or customary in their amount?  If so, then identify which charges incurred by Plaintiff as a result of this accident were not reasonable and/or customary, describe why each identified is not reasonable and/or customary in amount, identify any evidence you have supporting such positions, and describe the amounts that you contend would be reasonable and/or customary in amount.

30.    Identify the current owner and exact location of the vehicle involved in this collision. If this is not known, then identify the last known owner of the vehicle.

31.    Has your license, permit, or privilege to operate a motor vehicle ever been revoked, suspended, or withdrawn for any reason? If so, then identify each instance and describe the basis for such revocation, suspension, or withdrawal.

32.    Have you sold or otherwise disposed of the motor vehicle that was involved in the collision? If so, then identify the person, firm, or corporation to whom the motor vehicle was transferred, the date of the transfer, and the amount of consideration paid to you.

- 10 -

Copy from re:SearchGA

PltfRespRPDs6131

33.     Did you deny any requests in any set of Plaintiff's Requests for Admissions? If so, then describe each fact upon which you base your denial and identify all persons having knowledge of each particular fact.

34.     Did you contend that you could not admit or deny any requests in any set of Plaintiff's Requests for Admissions because of a lack of information or knowledge? If so, then identify and describe all inquiries made by you while attempting to answer that request.

35.     For each defense and denial in your answer, identify and describe all facts that you contend support each defense and denial.

Submitted on January 5, 2022, by:

**Kenneth S. Nugent, P.C.**
4227 Pleasant Hill Road
Building 11
Duluth, Georgia 30096
770-495-6634 (phone)
770-495-6744 (fax)
bvalentine@attorneykennugent.com
jcohen@attorneykennugent.com

_/s/ Brad Valentine_
Brad Valentine
Georgia Bar No. 583142
Jan P. Cohen
Georgia Bar No. 174337

**Attorneys for Plaintiff Pamela Piggee**

- 11 -

Copy from re:SearchGA

State Court of Fulton County
**E-FILED**
22EV000069
1/5/2022 1:37 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **Pamela Piggee,** | Case No. |
| Plaintiff, | _____ |
| v. | |
| **Sysmex America, Inc. and Larry Grainger,** | |
| Defendant. | |

PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS
TO DEFENDANTS SYSMEX AMERICA, INC. AND LARRY GRAINGER

Under O.C.G.A. § 9-11-34, Plaintiff serves these requests for production of documents upon Defendants Sysmex America, Inc. and Larry Grainger.

**Instructions and Definitions**

You must respond to these requests and produce and permit Plaintiff to inspect and copy the requested documents within the time prescribed by the Georgia Civil Practice Act. Please produce and permit Plaintiff to inspect and copy the documents requested at the office of Kenneth S. Nugent, P.C., 4227 Pleasant Hill Road, Building 11, Suite 300, Duluth, Georgia 30096, or at such other place upon which the parties agree, by your response deadline. Alternatively, you may timely provide true and accurate copies of the requested documents by delivering the same by your response deadline to the address listed above.

If you object to the production of any document on the basis of a claim of privilege or protection from discovery, then please provide a privilege log which includes the following information with respect to each such document:

a.      the type of document, its general subject matter, and the place and approximate date it was prepared or created;

b.      the name and title of each person who prepared or created the document or who has knowledge of the document, and the name and title of each other person who has received or examined the document or a copy of it;

c.      a statement of the circumstances that bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should extend to the entire document or to only part of the document; and

d.      the number of each request to which the document would otherwise be responsive.

If you object to production of any document on the ground that it is unduly burdensome and oppressive, then please state: (i) the reason why the production poses an undue burden; (ii) the approximate number of documents or pages that have been requested; and (iii) the location or locations of the documents that have been requested.

Additionally, in and of itself, your belief that responsive documents are or may be confidential does not provide a basis for withholding them. If you wish to raise claims of confidentiality, then you should 1) contact Plaintiff (through counsel) prior to responding to these requests, and 2) articulate to Plaintiff the basis for each claim of confidentiality by identifying and describing the responsive documents with reasonable particularity.

To bring within the scope of these interrogatories all information that might otherwise be construed to be outside of their scope, the following rules of construction apply:

a.      the singular includes the plural, and vice versa;

PltfRespRPDs6134

b.      the masculine, feminine, or neuter pronoun does not exclude other genders;

c.      the connectives "and" and "or" should be read either disjunctively or conjunctively;

d.  the terms "any," "all," or "each" mean any, all, each, and every; and

e.  the present tense should be construed to include the past tense, and vice versa.

The following terms have the meanings stated, regardless of tense, whether they are used in the singular or plural, usage, or capitalization.

"Collision" means the collision that forms the basis of Plaintiff's Complaint, the Disputed Matter, and the subject matter of this lawsuit.

"Communication" means, without limitation, oral or written communication of any kind, such as an email, text messages, facsimile, telephone conference, correspondence, messages sent through social media, exchange of written or recorded information, or face-to-face meeting, and includes instances in which one party addresses another, even if the other party does not respond.

"Concerning" means to evidence, refer to, relate to, reflect, embody, pertain to, discuss, mention, support, contradict, modify, or touch on the subject specified in a request in any way whatsoever.

"Describe" means to state what is requested to be described, including all facts and opinions known and held regarding the subject of the interrogatory, the identity of each person or entity involved or having any knowledge of each fact or opinion relating to what is described, the identity of each document evidencing the answer given or relating, referring, or pertaining in any way to what is disclosed in the answer, and all relevant or material dates or time periods.

- 3 -

PltfRespRPDs6135

"Disputed Matter" means any fact alleged in the Complaint that you do not admit or any issue or defense you raise in your Answer.

"Document" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description—whether tangible in the form of paper or capable of being reduced to tangible form but currently in an electronic format—that is in your possession, control, or custody, including but not limited to, correspondence, electronic mail (email), text messages, social media messages, social media histories, social media posts, memoranda of agreements, assignments, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks (or check stubs or records), vouchers, purchase orders, reports, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, calendars, circulars, bulletins, notices, instructions, manuals, journals, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records, tapes, photographs, drawings, films, videotapes, pictures, voice recordings, and every copy of such writing or record when such copy contains any commentary, note, or mark that does not appear on the original. The term "document" includes any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

"Identify" means, (a) with respect to a person, the person's full name, present or last known home address and telephone number, present or last known work address and telephone number, and relationship to you; (b) with respect to a document, writing, photograph, or any other tangible item, the item's title or other means of identification; the date on which the item was created or prepared; a general description or summary of its

PltfRespRPDs6136

contents; the name, address, telephone number, and employer of the author or creator of the item; the name, address, and telephone number of the person or persons who have custody or control of the original of each such document; and the name, address, and telephone number of the person or persons who have custody or control of any copy of each such document.

"Person" means any natural person or individual, firm, corporation, partnership, association, governmental agency, trust, joint venture, or any other form of business entity or organization of any type.

"Statement" means (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) a stenographic, mechanical, electrical, or other recording, or any transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

"You," "Your," or "Defendant" means the defendant in this civil action and all attorneys, advisors, consultants, agents, employees, representatives, assigns, or other persons acting for or on your behalf.

YOU ARE FURTHER NOTICED TO PRODUCE THE DOCUMENTS AT ANY DEPOSITION, HEARING, OR TRIAL OF THIS MATTER PURSUANT TO O.C.G.A. § 24-10-26.

If you dispute the genuineness of any documents produced in response to this request, then please provide information sufficient to locate and obtain the original of each such document.

### First Requests for Production of Documents

1.     Documents that you reviewed, referenced, consulted, or relied upon in answering any of Plaintiff's interrogatories to you.

PltfRespRPDs6137

2.     Documents that you reviewed, referenced, consulted, or relied upon in preparing any of the pleadings that you filed in this action.

3.     Documents concerning the collision.

4.     Documents concerning any disputed matter in this action.

5.     Documents, including photographs, concerning the vehicles involved in the collision.

6.     Documents, including photographs, concerning the scene of the collision.

7.     The title to the vehicle involved in the collision.

8.     Documents supporting any defense or denials asserted in your answer to Plaintiff's Complaint.

9.     Documents concerning your medical treatment since the collision for any injuries caused by the collision.

10.    Your Georgia driver's license.

11.    Your statements concerning the collision, this action, or any disputed matter.

12.    All other statements concerning the collision, this action, or any disputed matter, including any statements made by Plaintiff.

13.    All statements written out by any witness or adopted by the witness by signing a written statement.

14.    Correspondence between the parties concerning this collision, this action, or any disputed matter.

15.    Documents showing the route or directions you planned to take or follow had the collision not occurred.

16.    Documents, including any transcripts, of any judicial or quasi-judicial hearing concerning this collision or the citation you received from the collision.

- 6 -

17.   Documents, including all accident reports, of all other vehicular accidents in which you have been involved.

18.   All incident reports created by you relating to the collision, this action, or any disputed matter. If you withhold any responsive documents, then please produce a log describing all withheld documents.

19.   Documents, including all civil complaints, in which you have been named as a party other than this action.

20.   Documents prepared in connection with this action by or under the direction or supervision of any witness whom you expect to call as an expert witness at the trial of this matter.

21.   Complete file of any person you retained as an expert witness in this action, including any draft reports and all correspondence between counsel and the expert witness. If you claim privilege or protection from any correspondence, information, or documents, then please produce a log describing any withheld documents.

22.   All insurance policies and declaration pages identified in your responses to any of Plaintiff's interrogatories to you.

23.   All insurance policies and declaration pages for each insurance policy that could possibly provide coverage for this collision.

24.   Documents, including repair bills or estimates of damage, concerning the vehicle involved in the collision.

25.   Documents, including medical records or medical information, concerning Plaintiff's injuries from this collision.

PltfRespRPDs6139

26.     Documents, including medical records or medical information, concerning your injuries from this collision.

27.     Citations you received and any disposition of such citations as a result of the collision.

28.     Event Data Recorder information for the vehicle involved in the collision.

29.     Cellular device records for all calls, texts, data usage, and emails for the 24 hours preceding and subsequent to collision.

30.     Documents supporting any contention that you make that the medical charges incurred by Plaintiff were not reasonable and/or customary in their amount, including any charts, graphs, statements, estimates, comparable billing, billing code information, correspondence with medical providers, or correspondence with health insurance companies.

31.     Documents which identify and reference the current location of your vehicle involved in the accident.

32.     Documents concerning any GPS or Black Box in the vehicle involved in the collision.

33.     Documents, including all reports, printouts, papers in any way related to the information contained on any tracking device, recording device, and/or GPS or Black Box device in the vehicle involved in the collision at the time of the accident.

34.     Documents evidencing the disposal of any tracking device, recording device, and/or GPS device in the vehicle involved in the collision at the time of the accident.

35.     Documents containing any information regarding your driving records and/or ability to drive a motor vehicle for the past 7 years, including but not limited to:

        a.      Traffic tickets or citations;

- 8 -

PltfRespRPDs6140

b.      Disposition of all traffic tickets and citations, whether by fine, dismissal, reduction to a lesser included offense, or otherwise;

c.      Accident reports for all motor vehicle accidents in which you were the driver of a vehicle involved;

d.      Fines or convictions for violation of traffic laws;

e.      Insurance claims involving a motor vehicle collision; and/or

f.      All documents containing any information regarding the status of your driving privileges.

36.     All documents evidencing violations of motor vehicle traffic laws and ordinances (other than violations involving only parking) of which you have been convicted or on account of which you have forfeited bond or collateral for the past 3 years, including but not limited to a true and correct copy of all of your Motor Vehicle Driving Record for the past 3 years.

37.     Documents that contain information as to whether you have ever had your license, permit, or privilege to operate a motor vehicle revoked, suspended, or withdrawn for any reason.

38.     Documents, including all comments, posts, updates, photographs, videos, audio clips, etc., on any internet blogs, boards, chatrooms, social media forum (Facebook, Google Hangouts, Instagram, LinkedIn, MySpace, Snapchat, TikTok, Twitter, Vine, etc.), or any other electronic forum, concerning the collision, this action, your resulting injuries, Plaintiff generally, or any disputed matter.

39.     To the extent not otherwise produced, all documents identified in your responses to Plaintiff's interrogatories.

PltfRespRPDs6141

40.     A log describing all documents, communications, or information being withheld from production for any reason, including but not limited to: attorney-client communications, work product doctrine, or any other claimed protection or privilege.

Submitted on January 5, 2022, by:

| | |
|---|---|
| **Kenneth S. Nugent, P.C.** | */s/ Brad Valentine* |
| 4227 Pleasant Hill Road | Brad Valentine |
| Building 11 | Georgia Bar No. 583142 |
| Duluth, Georgia 30096 | Jan P. Cohen |
| 770-495-6634 (phone) | Georgia Bar No. 174337 |
| 770-495-6744 (fax) | |
| bvalentine@attorneykennugent.com | **Attorneys for Plaintiff Pamela Piggee** |
| jcohen@attorneykennugent.com | |

- 10 -

PltfRespRPDs6142

State Court of Fulton County
**E-FILED**
22EV000069
1/5/2022 1:37 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **Pamela Piggee,** | Case No. |
| Plaintiff, | |
| v. | _____ |
| **Sysmex America, Inc. and Larry Grainger,** | |
| Defendants. | |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO
### DEFENDANTS SYSMEX AMERICA, INC. AND LARRY GRAINGER

Under O.C.G.A. § 9-11-36, Plaintiff serves these requests for admission upon Defendants Sysmex America, Inc. and Larry Grainger, who are required to answer within the time prescribed by the Georgia Civil Practice Act.

### Requests

1.   You are correctly named in this action.

2.   You have been properly served as a party defendant to this action with a copy of the summons and complaint in such a manner that satisfies the requirements of Georgia law.

3.   Process is sufficient with regard to you in this action.

4.   This Court has jurisdiction over the subject matter of this action.

5.   This Court has personal jurisdiction over you in this action.

6.   Venue is proper in this Court.

7.   You had a duty to Plaintiff to exercise the degree of care that is used by ordinarily careful persons under the same or similar circumstances.

8.   You breached your duty to Plaintiff to exercise the degree of care that is used by

Copy from re:SearchGA

ordinarily careful persons under the same or similar circumstances.

9.    You were solely responsible for the collision that occurred between the vehicle driven by you and the vehicle in which Plaintiff was a driver, which occurred on or about January 21, 2020.

10.    Plaintiff was not contributorily negligent in the collision.

11.    Plaintiff was injured in the collision.

12.    You have no evidence in your possession to support a contention that Plaintiff was not injured in the collision.

13.    The injuries alleged in Plaintiff's Complaint were caused by the collision.

14.    You have no evidence in your possession to support a contention that the injuries alleged in Plaintiff's Complaint were not caused by the collision.

15.    Plaintiff incurred medical expenses as a result of the collision.

16.    You have no evidence in your possession to support a contention that Plaintiff did not incur medical expenses as a result of the collision.

17.    Plaintiff incurred the medical expenses itemized in the complaint as a result of the collision.

18.    You have no evidence in your possession to support a contention that Plaintiff did not incur the medical expenses itemized in the complaint as a result of the collision.

19.    The medical bills that Plaintiff has presented to date are reasonable and customary in their amounts.

20.    You have no evidence in your possession which would support an argument that the medical bills that Plaintiff has presented to date are not reasonable and customary in their amounts.

- 2 -

Copy from re:SearchGA

21.   You violated O.C.G.A. § 40-6-45, following too closely.

22.   You were using, holding, or supporting with any part of your body a wireless telecommunications device or stand-alone electronic device at the time of the collision or immediately before the collision.

23.   You were writing, sending, or reading a text-based communication on a wireless telecommunications device or stand-alone electronic device at the time of the collision or immediately before the collision.

24.   You were watching a video or movie on a wireless telecommunication device or stand-alone electronic device at the time of the collision or immediately before the collision.

25.   You were recording or broadcasting a video on a wireless telecommunications device or stand-alone electronic device at the time of the collision or immediately before the collision.

Submitted on January 5, 2022, by:

**Kenneth S. Nugent, P.C.**
4227 Pleasant Hill Road
Building 11
Duluth, Georgia 30096
770-495-6634 (phone)
770-495-6744 (fax)
bvalentine@attorneykennugent.com
jcohen@attorneykennugent.com

*/s/ Brad Valentine*
Brad Valentine
Georgia Bar No. 583142
Jan P. Cohen
Georgia Bar No. 174337

**Attorneys for Plaintiff Pamela Piggee**

Copy from re:SearchGA

PltfRespRPDs6145